## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Janine Banks, individually and as Class representative on behalf of others similarly situated, | : : : : : | |
| and | : : | No. 18-cv-17117-SRC-CLW |
| Spine Surgery Associates and Ambulatory Surgical Center of Somerset, individually and as class representatives on behalf of others similarly situated, | : : : : : : : | **JURY TRIAL DEMANDED** |
| Plaintiffs, | : : | |
| v. | : : | |
| Allstate Fire and Casualty Insurance Company and Allstate Insurance Company | : : : | |
| Defendants | : : | |

### AMENDED CLASS ACTION COMPLAINT

Plaintiffs Janine Banks ("Insured Plaintiff") and Spine Surgery Associates and Ambulatory Surgical Center of Somerset, (collectively "Health Care Provider Plaintiffs") by way of class action complaint on behalf of themselves and all others similarly situated, against Allstate Fire and Casualty Insurance Company (hereinafter "Defendant"), state as follows:

### INTRODUCTION

1. This action seeks class wide declaratory and monetary

relief on behalf of classes of Pennsylvania auto insurance consumer insureds (the "Insured Class") and on behalf of non-Pennsylvania licensed health care providers ( the "Health Care Provider Class") to address and rectify Defendant's systematic and unlawful failure to fully pay due and owing first party insurance benefit payments resulting from motor vehicle accidents that (1) occurred in the Commonwealth of Pennsylvania; (2) caused covered insured injuries (the coverage commonly referred to as Personal Injury Protection or "PIP" benefits); and (3) were medically attended to and received treatment from non-Pennsylvanian licensed health care providers and health care facilities located outside of Pennsylvania.

2. Under the terms of the insurance policies issued by the Defendant to the Insured Plaintiff and members of the putative class and applicable law, Defendant is required to remit payment for medical services rendered to insureds for injuries resulting from auto accidents in the usual and customary charge amount of the Health Care Provider Plaintiffs and members of the Health Care Provider Class.

3. Pursuant to the insurance policies and applicable law, the Defendant may not reduce benefits and payments by improperly applying auto medical fee schedules.

4. Contrary to the applicable policies and law, the

Defendant breached its insurance agreement with Plaintiff and other members of the putative Insured Class, violated applicable law requiring full payment of medical services billing to health care providers within the Health Care Provider class, made tortuous misrepresentations and violated applicable consumer protection laws as a result of Defendant's wrongful and unlawful imposition of auto medical fee schedules to reduce the payment of medical benefits and for medical services due and owing to Plaintiffs and members of the Insured Class and Health Care Provider Class.

5. The Defendant wrongfully and unlawfully reduced benefits for the Insured Class and payments to the Health Care Provider Class by the improper imposition of auto fee schedules even though Insured Plaintiff and members of the Insured Class were Pennsylvania insureds, treated by medical providers who did not practice in Pennsylvania, were not licensed to practice in Pennsylvania and were not subject to fee schedule benefit reductions.

**PARTIES**

6. Plaintiff Janine Banks is an adult individual, sui juris. At all times material herein Plaintiff Janine Banks maintained in effect Pennsylvania motor vehicle insurance issued by the Defendant under the laws of Pennsylvania.

7. Plaintiff Spine Surgery Associates is a New Jersey professional corporation or association organized under the laws of the State of New Jersey with its principal place of business and headquarters at 280 Newton Sparta Rd, Newton, NJ 07860, comprised of medical providers and facilities all of whom do not practice in Pennsylvania and who are not licensed to practice in Pennsylvania.

8. Plaintiff Ambulatory Surgical Center of Somerset is a New Jersey professional corporation or association organized under the laws of the State of New Jersey with its principal place of business and headquarters at 1081 Rte 22 West, Suite 200, Bridgewater, NJ 08807,  comprised of medical providers and facilities all of whom do not practice in Pennsylvania and who are not licensed to practice in Pennsylvania.

9. Defendant, Allstate Fire and Casualty Insurance Company, is a citizen of a state other than Pennsylvania or New Jersey and existing by virtue of its incorporation under the laws of the state of Illinois with its nerve center located at Northbrook, Illinois.

10. Defendant, Allstate Insurance Company, is a citizen of a state other than Pennsylvania or New Jersey and existing by virtue of its incorporation under the laws of the state of Illinois with its nerve center located at Northbrook, Illinois.

11. At all relevant hereto, Defendant regularly and systematically conducted business within the State of New Jersey.

## JURISDICTION AND VENUE

12. Venue is proper in this Court because the material events or omissions giving rise to Plaintiffs' claims occurred in the venue of this Court and Defendants are subject to personal jurisdiction in this State.

## FACTS COMMON TO ALL COUNTS

13. At all times relevant, Health Care Provider Plaintiffs were, and presently are engaged in the operation, administration, staffing and supervision of a medical practice or medical facility in the State of New Jersey, acting through their agents, servants and/or employees, all of whom are licensed under the laws of the State of New Jersey to practice medicine or provide health care services within their area of licensure.

14. Each Health Care Provider conducts and operates a medical practice or medical facility in New Jersey in which it treats patients, including patients who reside in Pennsylvania, in its New Jersey health care facilities. Health Care Provider Plaintiffs are not licensed health care providers in Pennsylvania, Health Care Providers do not operate or conduct any medical or health care services practices in Pennsylvania and

Health Care Providers therefore are not and were not subject to Pennsylvania laws.

15. At all times relevant hereto, Insured Plaintiffs contracted with Defendant for motor vehicle insurance under the laws of the Commonwealth of Pennsylvania, which policies accorded medical benefits to the Plaintiffs in the event that the Plaintiffs sustained injuries as a result of motor vehicle accidents.

16. At all times relevant hereto, Insured Plaintiffs were involved in motor vehicle accidents within the Commonwealth of Pennsylvania, in which each Insured Plaintiff sustained physical injuries.

17.  At all times relevant hereto,  Insured Plaintiffs sought medical treatment for the injuries sustained in the Pennsylvania motor vehicle accidents from Plaintiff Health Care Providers who did not practice in Pennsylvania and were not licensed to practice in Pennsylvania.

18.  At all times relevant hereto,  Health Care Provider Plaintiffs provided medical care to Insured Plaintiffs for the injuries Insured Plaintiffs sustained in the Pennsylvania motor vehicle accidents in their medical facilities or practices located in New Jersey.

19. Insured Plaintiffs filed claims with the Defendant

seeking medical benefits for the medical treatment rendered to Insured Plaintiffs as a result of the injuries sustained in the motor vehicle accidents.

20. Defendant wrongfully and unlawfully refused to provide proper payments for medical billing by unlawfully applying improper medical payment fee schedules in order to reduce the amount that Defendant had to pay in benefits even though Insured Plaintiffs were treated by the Health Care Provider Plaintiffs who did not practice in Pennsylvania, were not licensed to practice in Pennsylvania and were not subject to fee schedule benefit reductions.

21. The Insured Plaintiffs are similarly situated to each other as well as to the putative class identified below in that they all allege that they all contracted with Defendant for motor vehicle insurance in Pennsylvania, were injured in automobile accidents within the Commonwealth of Pennsylvania, sought treatment outside of the Commonwealth of Pennsylvania, and were denied proper benefits for medical costs incurred from their respective motor vehicle accidents based on the Defendant's application of auto medical payment fee schedules even when their policy limits had not been exhausted.

22. Each Health Care Provider billed Defendant for services and care it rendered to the Insured Plaintiffs relating to the

motor vehicle accidents.

23. The billing set forth Health Care Provider Plaintiff's usual and customary charges for the services specified. Notwithstanding the above, Defendant refused to provide proper payments for medical costs billed by Health Care Provider Plaintiffs by unlawfully applying improper fee schedules in order to reduce the amount that Defendant had to pay in benefits.

24. In addition to submitting the aforesaid billing relating to the health care services provided to Insured Plaintiffs regarding the subject accidents, the Health Care Provider Plaintiffs also treated other Pennsylvanians who, similar to Insured Plaintiffs, were insured by Defendant under Pennsylvania motor vehicle polices and who sustained injuries in vehicle accidents occurring in Pennsylvania.

25. As to these patients, Health Care Providers and other non-Pennsylvania health care providers similarly situated to them, billed Defendant for care or services rendered, and Defendant then likewise refused to provide proper payments for the medical costs billed by Health Care Provider plaintiffs and other health care providers similarly situated by unlawfully applying improper fee schedules in order to reduce the amount that Defendant had to pay in benefits.

26.  Upon information and belief, Defendant purposefully,

intentionally, wantonly, recklessly and/or negligently denied full payment of Plaintiffs' medical bills by unlawfully applying improper fee schedules in order to reduce the amount that Defendant had to pay for medical costs to Health Care Provider plaintiffs and other health care providers similarly situated.

27. The members of the Health Care Provider Class are similarly situated in that they all allege that they provided medical care to Pennsylvania insureds who were injured in Pennsylvania motor vehicle accidents, do not practice and were not licensed to practice medicine in Pennsylvania and were denied proper payment for the medical services which they provided by the Defendant through the Defendant's unlawful application of improper fee schedules in order to reduce the amount that Defendant paid to the Plaintiffs for medical services.

28. As a direct and proximate cause of Defendant's conduct, Insured Plaintiffs and members of the Insured Class have suffered damages and losses as the Insured Plaintiffs either had to pay the shortcoming, or suffer the obligation to pay the shortcoming, which was caused by Defendant's underpayment of the medical billing that should have been fully paid by Defendant.

29. As a direct and proximate cause of Defendant's conduct, Insured Plaintiff suffered damages and losses by either having to pay the shortcoming in the amount of $74,618.14 or suffering the

obligation to pay the shortcoming in the amount of $74,618.14, which was caused by Defendant's underpayment of the medical billing that should have been fully paid by Defendant.

30. As a direct and proximate cause of Defendant's conduct, Plaintiffs Spine Surgery Associates suffered damages and losses by being paid $44,837.13 less for its medical services than it properly billed, which was caused by Defendant's underpayment of the medical billing that should have been fully paid by Defendant.

31. As a direct and proximate cause of Defendant's conduct, Plaintiffs Ambulatory Surgical Center of Somerset suffered damages and losses by being paid $29,781.01 less for its medical services than they properly billed, which was caused by Defendant's underpayment of the medical billing that should have been fully paid by Defendant.

32. As to all bills that are the subject to this matter, Defendant did not invoke or follow a peer review.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action as a class action under under R. 4:32-1 on behalf of the following classes:

A. **The Insured Class:** All Pennsylvania residents insured

under motor vehicle insurance policies issued by Defendant within the Commonwealth of Pennsylvania who filed claims or had claims filed on their behalf for PIP benefits for injuries sustained in motor vehicle accident occurring within Pennsylvania, and --

    (i)      whose medical treatment was provided in whole or in part by health care providers -

        (A)  located outside of Pennsylvania, and

        (B)  who are not licensed to practice medicine or health care professional services in the Commonwealth of Pennsylvania and/or were not operating a health care facility in the Commonwealth of Pennsylvania; and

    (ii)     whose PIP benefits for medical treatment were paid by defendant according to an application of auto medical payment fee schedules.

**B. The Health Care Provider Class:**  All health care providers who meet the following criteria:

    (i)      At the time of providing health care services to an individual meeting the definition of the Insured Class they -

        (A)  were not licensed to or practicing medical services in Pennsylvania; and

        (B)  were not licensed to conducting or operating a health care practice or facility in Pennsylvania; and

    (ii)     Filed a claim for payment of PIP benefits or billed for medical care and services rendered to insureds relating to an Insured Class Member's treatment for injuries sustained in a motor vehicle accident occurring within the Commonwealth; and

    (iii)    The PIP benefits for medical treatment relating to

the  Insured Class Member's claim or claims were
paid according to defendant's application of an
auto medical payment fee schedule.

34. At all time relevant hereto, Insured Plaintiff and other
members of the proposed Insured Class are individuals who
contracted with Defendant for motor vehicle insurance under the
laws of the Commonwealth of Pennsylvania which policies accorded
medical benefits to the Plaintiffs in the event that the
Plaintiffs sustained injuries as a result of a motor vehicle
accident.

35. At all times relevant hereto, Insured Plaintiff and
other members of the proposed Insured Class were involved in
motor vehicle accidents within the Commonwealth of Pennsylvania
in which they sustained injuries while they were insured by
Defendant under policies that required payment of PIP benefits.

36. As a result of the motor vehicle accidents, Insured
Plaintiffs and other members of the proposed Insured Class were
all treated by medical and health care providers such as the
Health Care Provider Plaintiffs and other members of the proposed
Health Care Provider Class at or in health care facilities
located outside of Pennsylvania.

37. Insured Plaintiffs and other members of the proposed
Insured Class all filed insurance claims seeking payment for
medical benefits under their policies for first party "Personal

Injury Protection" benefits (hereinafter "PIP benefits") following their respective motor vehicle accidents.

38. In particular Insured Plaintiffs and other members of the proposed Insured Class all filed PIP benefit insurance claims with Defendant, or had PIP claims filed on their behalf, for payments covering the medical treatment and care provided by Health Care Providers or other health care providers similarly situated relating to their respective motor vehicle accidents.

39. Defendant denied proper payments of the medical benefit claims relating to services rendered by the Health Care Providers and other members of the proposed the Health Care Provider Class to Insured Plaintiffs and other members of the proposed Insured Class by applying inapplicable medical payment fee schedules in order to reduce the amount that Defendant had to pay in PIP benefits.

40. Defendant wrongfully and unlawfully applied inapplicable automobile medical payment fee schedules to the medical bills submitted by or on behalf of Insured Plaintiffs and other members of the proposed Insured Class, such as those submitted by or on behalf of the Insured Plaintiffs by Health Care Providers, in order to reduce the amount of the PIP benefits Defendant would have to pay even though Plaintiffs were treated by medical providers such as Health Care Providers who did not practice in

Pennsylvania, were not licensed to practice in Pennsylvania, did not operate health care facilities in Pennsylvania and, accordingly, were not subject to fee schedule benefit reductions that Defendant applied to the treatment provided.

41. Insured Plaintiffs and other members of the proposed Insured Class are similarly situated in that they all contracted with Defendant for motor vehicle insurance in Pennsylvania, were injured in an automobile accident occurring within the Commonwealth of Pennsylvania, sought medical treatment outside of the Commonwealth by non-Pennsylvania licensed practitioners, and were denied proper benefits for medical costs incurred from their respective motor vehicle accidents even when their PIP insurance policy limits had not been exhausted.

42. Insured Plaintiffs and other members of the proposed Insured Class are similarly situated in that Defendant refused to provide proper payments to the medical bill claims submitted by or on behalf of them by unlawfully applying improper automobile fee schedules in order to reduce the amount that Defendant paid to Health Care Providers and other members of the proposed Health Care Provider Class for medical services rendered to its insureds.

43. Health Care Providers and other members of the proposed Health Care Provider Class are similarly situated in that they all allege that they provided medical treatment or rehabilitative

services to Pennsylvania insureds who were injured in
Pennsylvania motor vehicle accidents, they all do not practice
and were not licensed to practice medicine in Pennsylvania, they
all do not operate health care facilities in Pennsylvania, and
accordingly, were all denied proper payment for the medical
services which they provided by the defendant through the
Defendant's unlawful application of improper fee schedules.

44.   There exist the following common questions of law and
fact:

a.  Whether Insured Class members' PIP medical benefits
are subject to reduction in payment by the application
of automobile medical payment fee schedules subsequent
to a Pennsylvania motor vehicle accident for treatment
of accident related injuries by medical providers
outside of the Commonwealth by non-Pennsylvania
licensed practitioners?

b. Whether Defendant wrongfully and unlawfully applied
an inapplicable medical payment fee schedules to
Plaintiffs' and similarly situated Insured Class
Members' medical bills in order to reduce the amount of
PIP benefits paid?

c. Whether Insured Class members are entitled to full
PIP medical benefits in accordance with their
respective motor vehicle insurance policies and law,
subsequent to a Pennsylvania motor vehicle accident,
for treatment of accident related injuries by medical
providers outside of the Commonwealth of Pennsylvania
by non-Pennsylvania licensed practitioners?

d. Whether Health Care Provider Plaintiffs' and other
health care providers similarly situated medical bills
are subject to reduction in payment by the application
of automobile medical payment fee schedules subsequent
to a Pennsylvania motor vehicle accident for treatment
of accident related injuries by medical providers

outside of the Commonwealth by non-Pennsylvania
licensed practitioners?

e. Whether Defendant wrongfully and unlawfully applied
inapplicable automobile medical payment fee schedules
to Health Care Providers' and other health care
providers similarly situated's medical bills in order
to reduce the amount of PIP benefits paid?

f. Whether Health Care Provider Plaintiffs and other
health care providers similarly situated who were not
licensed and do not practice medicine in Pennsylvania
are entitled to full payment of their medical bills
with regard to their medical treatment of accident
related injuries to Pennsylvania insureds for injuries
sustained in Pennsylvania motor vehicle accidents?

g. Whether Defendant breached its insurance contracts
with the Insured Plaintiff by not paying full PIP
medical benefits in accordance with their respective
motor vehicle insurance policies and law and if so,
Plaintiffs and the Classes entitlement to damages?

h.  Whether by applying fees schedule payment
reductions to this class of Plaintiffs, Defendant did
engage in conduct violating the Pennsylvania Unfair
Trade Practices and Consumer Protection Law, and if so,
the entitlement of Insured Plaintiffs and the Insured
class to an award of damages, statutory damages,
trebled damages and attorney's fees?

i. Whether Defendant's actions as alleged herein
constituted bad faith entitling Plaintiff and the
Insured Class to damages, exemplary damages and/or
other available relief under 42 Pa.C.S. §8371?

j. Whether and to what extent declaratory or injunctive
relief should be entered to determine Defendant's use
of inapplicable fee schedule in PIP making payments to

non-Pennsylvania health care providers such as Health
Care Provider Plaintiffs and other members of the
Health Care Provider Class?

45.   Plaintiffs will fairly and adequately protect the
interests of the Class. They have retained attorneys who are
qualified, experienced, and competent in class action and complex
litigation, and, in conformity with the New Jersey Code of
Professional responsibility, such counsel have agreed to advance
all reasonable costs of the prosecuting the case, including
notice to the class. Plaintiffs do not have interests
antagonistic to or in conflict with those of the class.

46. The claims and/or defenses of the named Plaintiffs are
typical of the claims and/or defenses of the respective Class
members so as to assure that the absent Class members' interests
will be adequately represented.

47.   Plaintiffs meet the requirements of R. 4:32-1 because
the Defendant as set forth herein has acted or refused to act on
grounds that apply generally to the Classes, so that final
injunctive relief or corresponding declaratory relief is
appropriate respecting the classes as a whole.

48. Plaintiffs meet all requirements under R. 4:32-1 because
there are questions of law or fact common to Class members which
predominate over any questions affecting only individual members
and a class action is superior to other available methods for

fairly and efficiently adjudicating the controversy.

49. The identity of Class Members are identifiable based on Defendant's and Class Members' records.

### COUNT I – INSURED PLAINTIFFS FOR BREACH OF CONTRACT

50. Plaintiffs hereby incorporate all previous paragraphs by reference as if fully set forth at length herein.

51. At all times relevant hereto, Insured Plaintiffs and members of the Insured Class had motor vehicle insurance policies with Defendant that contractually obligated Defendant to provide PIP medical benefits to Insured Plaintiffs and members of the Insured Class for injuries sustained from motor vehicle accidents, in accordance with the policy and limits set therein. (A copy of Plaintiff's Declarations are attached hereto as Exhibit "A").

52. Insured Plaintiffs and members of the class either directly or through Health Care Provider Plaintiffs or other Health Care Provider Class members submitted claims for medical treatment and rehabilitative services to Defendant for injuries they sustained as result of accidents occurring in Pennsylvania.

53. As set out above, Defendant systematically denied proper benefits to Insured Plaintiffs and members of the Insured Class,

or to Health Care Provider Plaintiffs and other Health Care
Provider Class members by improperly paying medical billing
according to an automobile medical fee schedule instead of paying
the health care providers' usual and customary charges for their
services that were billed and submitted even though Insured
Plaintiffs' and Insured Class members' respective policy limits
were not exhausted.

54. As a direct and proximate cause of Defendant's breach of
contract, Insured Plaintiffs and members of the Insured Class
have suffered damages and losses as the Insured Plaintiffs either
had to pay the shortcoming, or suffer the obligation to pay the
shortcoming, which was caused by defendant's underpayment of the
medical billing which should have been fully paid by Defendant.

**WHEREFORE,** Insured Plaintiffs individually and on behalf of
others similarly situated, demand judgment and against Defendant
for any and all damages and losses, including, but not limited
to:

    a)    An amount which represents the sum of all medical
payments which the Defendant improperly refused to
provide to the Insured Plaintiffs and each member of
the Insured Class;

    b)    Interest on the amount each claim improperly withheld
of the Plaintiffs and of each member of the Insured
Class;

    c)    Declaratory relief determining Insured Plaintiffs' and
Insured Class members' current and future rights to
prompt payments for amounts properly billed by their
health care providers relating to covered motor vehicle

accidents and prohibiting Defendant from applying inapplicable fee schedules when determining and paying Insured Class members' claims submitted by them or by members of the Health Care Provider Class;

d)    Such further relief as allowed by the Court or available as a remedy.

**COUNT II – INSURED PLAINTIFFS FOR BREACH OF IMPLIED COVENANT**

55. Plaintiffs hereby incorporate all previous paragraphs by reference as if fully set forth at length herein.

56. At all times relevant hereto, and based on the foregoing allegations, Insured Plaintiffs have maintained motor vehicle insurance policies with the Defendant, which provided PIP benefits and benefits for injuries sustained in motor vehicle accidents.

57. While insuring the Insured Plaintiffs, Defendant interfered with Insured Plaintiffs' opportunity to exercise their rights under their respective insurance contracts to select their health care providers treating them and wrongfully advised Insured Plaintiffs that they were not entitled to full PIP medical benefits and benefits following their respective motor vehicle accidents, but rather their benefits were purportedly limited by application of a fee schedule that provided lesser amounts than their health care providers' usual and customary charges for services rendered.

58. Defendant's acts and omissions breached the implied covenant of good faith and fair dealing by denying and interfering with Insured Plaintiffs' opportunity to collect and receive full and proper benefits owed to the, their respective insurance policies.

59. As a direct and proximate result of Defendant's breach, Insured Plaintiffs and members of the Class have suffered injury in the form of economic losses.

**WHEREFORE,** Insured Plaintiffs individually and on behalf of others similarly situated, demand judgment and against Defendant for any and all damages and losses, including, but not limited to:

a) An amount which represents the sum of all medical payments which the Defendant improperly refused to provide to the Insured Plaintiffs and each member of the Insured class;

b) Interest on the amount each claim improperly withheld of the Plaintiffs and of each member of the Insured Class;

c) Declaratory relief determining Insured Plaintiffs' and Insured Class members' current and future rights to prompt payments for amounts properly billed by their health care providers relating to covered motor vehicle accidents and prohibiting Defendant from applying inapplicable fee schedules when determining and paying Insured Class members claims submitted by them or by members of the Health Care Provider Class;

d) Such further relief as allowed by the Court or available as a remedy.

**COUNT III - INSURED PLAINTIFFS FOR VIOLATIONS OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW,**

**73 Pa.C.S. §201 *et seq.***

60. Plaintiffs hereby incorporate all previous paragraphs by reference as if fully set at length forth herein.

61. Section 3 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P. S. § 201-3, provides, in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by sub clauses (i) through (xxi) of clause (4) of section 2 of this act ... are hereby declared unlawful.

62. Section 2 of the UTPCPL, 73 P. S. § 201-2, provides, in pertinent part: "Unfair methods of competition" and "Unfair or deceptive acts or practices" mean any one or more of the following:

> \* \* \*

> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that person has a sponsorship, approval, status, affiliation or connection that he does not have;

> \* \* \*

> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

63. Defendant committed prohibited unfair and deceptive

actions and practices as defined in the UTPCPL in connection with
both its marketing and sale of motor vehicle insurance and its
use of inapplicable and undisclosed fee schedules when
determining PIP benefits due to Insured Plaintiffs and Insured
Class Members, including, but not limited to:

    a. Making material misrepresentations about the
quality, characteristics, and/or benefits of
Plaintiffs' insurance policies and benefits in stating
to Insured Plaintiffs and Insured Class members that
Defendant's motor vehicle insurance policies would "pay
for medical expenses for bodily injuries to an insured
arising out of maintenance or use of a motor vehicle"
when, in fact, Defendant systematically employed an
inapplicable fee schedule to reduce its PIP payments
for medical treatment and care relating to a covered
accident rendered by Health Care Provider Plaintiffs
and Health Care Provider Class members who treat
patients outside of Pennsylvania.

    b. Engaging in deceptive and/or fraudulent acts and
practices by misrepresenting to Plaintiffs and Insured
Class members, at the time that their insurance was
purchased and/or renewed, that the motor vehicle
insurance policies would, "pay for medical expenses for
bodily injuries to an insured arising out of
maintenance or use of a motor vehicle";

    c. Engaging in deceptive acts and practices,
including, but not limited to, representing to Insured
Plaintiffs and Insured Class members, subsequent to
their respective covered motor vehicle accidents, that
they were not entitled to full, proper and lawful PIP
benefits in accordance with their respective policies
and Pennsylvania law; and/or

    d. Applying, without prior disclosure, agreement and/or
other right to do so, a non-applicable fee schedule

statute or regulation to reduce the usual and customary
charges of non-Pennsylvania health and rehabilitative
care providers, thereby insufficiently reimbursing
Insured Plaintiffs and Insured Class Members or
underpaying their respective health care providers,
thereby causing them to incur medical bills which
should have been paid under the terms of the policy.

64. As a direct and proximate result of Defendant's
prohibited acts and omissions under the UTPCPL, Insured
Plaintiffs and Insured Class members have suffered ascertainable
losses for which they may recover under the UTPCPL.

**WHEREFORE,** Insured Plaintiffs individually and on behalf of
others similarly situated, demand judgment and against Defendant
for any and all ascertainable losses and statutory remedies
available under the UTPCPL, including, but not limited to:

a) As to each Insured Plaintiff and Insured Class
   member, either the amount of actual damages sustained
   or the sum of $100.00, which ever is greater;
b) Attorney fees, expert fees and costs;
c) Trebled damages against the defendant;
d) Such further relief as allowed by the Court.

### COUNT IV - INSURED PLAINTIFFS FOR VIOLATIONS OF PENNSYLVANIA'S INSURANCE BAD FAITH ACT, 42 Pa.C.S. § 8371

65.  Plaintiffs hereby incorporate all previous paragraphs
by reference as if fully set at length forth herein.

66. Defendant, acting as aforesaid, acted in bad faith by
denying of refusing proper PIP coverage or benefits to Insured

Plaintiffs and Insured Class members.

67. Defendant, acting as aforesaid, acted in bad faith by otherwise misinterpreting or misapplying the insurance contract.

68. More specifically, the defendant acted in bad faith by committing the acts set forth herein and enumerated below, with each act constituting its own bad faith violation and cause of action in its own right:

a) Defendant affirmatively, systematically and falsely stated to Plaintiff and the Insured Class members by way of Defendant's "Explanation of Benefits" ("EOB") that it routinely sent to insureds relating to their PIP benefit claims falsely stating that fee schedules which Defendant applied to their medical bills were legally applicable and that their respective medical bills were being correctly and lawfully paid by Defendant as a result.

b) Defendant affirmatively, systemically and falsely stated to Plaintiff and the Insured Class members by way of Defendant's "Explanation of Benefits" that fee schedules which Defendant applied to their medical bills were legally applicable and that their respective medical bills were being correctly and lawfully paid by Defendant, with the purpose, design and intent to manipulate them into not pursuing benefits under their policies for medical care charges which should have been covered by their motor vehicle insurance policies.

c) Defendant affirmatively, systematically and falsely

stated to Health Care Provider Plaintiffs by way of Defendant's "Explanation of Benefits" ("EOB") that it routinely sent to Health Care Provider Plaintiffs in connection with PIP benefit determinations falsely stating that fee schedules which Defendant applied to their medical billing were legally applicable and that their respective medical billing were being correctly and lawfully paid by Defendant as a result.

d) Defendant affirmatively, systemically and falsely stated to Health Care Provider Plaintiffs by way of Defendant's "Explanation of Benefits" that fee schedules which Defendant applied to their medical billing were legally applicable and that their respective medical bills were being correctly and lawfully paid by Defendant, with the purpose, design and intent to manipulate them, into accepting the inapplicable fee schedule amount and into not pursuing their full and proper medical care charges which they should have been paid.

69. The Defendant's actions in applying automobile fee schedules to the Plaintiff's medical bills is part of a systemic plan to underpay medical benefits to its insureds with the goal and purpose of reducing the amount that Defendant had to pay in benefits for its own gain and advantage.

70. That Defendant's false statements were done purposefully and intentionally in an effort to deny insureds knowledge of their rights under the law in order to save money.

71. That the Defendant's actions as set forth herein violated the Pennsylvania Unfair Insurance Practices Act 40 Pa.C.S.A. section 1171.5(a)(1)(i), which provides in relevant part that it is unlawful to:

(i) Misrepresent the benefits, advantages, conditions, or terms of any insurance policy;

72. That the Defendant's actions as set forth herein violated the Pennsylvania Unfair Insurance Practices Act 40 Pa.C.S.A. section 1171.5(a)(10)(i), which provides in relevant part that it is unlawful to:

(i) Misrepresent pertinent facts or policy or contract provisions relating to coverages at issue.

73. That the Defendant's actions as set forth herein violated 31 Pennsylvania Administrative Code section 146.4(a) which makes it unlawful for:

> An insurer, "may not fail to fully disclose to first party claimants pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

74. That through its conduct in improperly applying automobile fee schedules and thereby denying of refusing proper PIP coverage or benefits to Insured Plaintiffs and Insured Class members and/or through its conduct in misinterpreting or misapplying the insurance contract and/or through its conduct in making the false statements as aforesaid, the Defendant engaged in a bad faith.

75. The defendant has acted contrary to the law as aforesaid against not only the named Plaintiffs herein, but also against members of the respective Classes.

76. As a direct and proximate result of Defendant's acts and omissions, Insured Plaintiffs and members of the Insured Class have suffered injuries and losses which are actionable under their contracts of insurance and the laws of the Commonwealth of Pennsylvania, including the Pennsylvania Insurance Bad Faith Act, 42 Pa.C.S §8371.

**WHEREFORE**, Insured Plaintiffs individually and on behalf of others similarly situated, demand judgment and against Defendant

for any and all damages and losses, including, but not limited
to:

  a)  Any and all damages proximately caused by
     Defendant's bad faith acts and omissions;

  b)  Interest on the amount of Plaintiffs' claims from
     the date the claims were made by the insureds in
     an amount equal to the prime rate of interest plus
     3%;

  c)  An award of punitive damages against the
     Defendant; and

  d)  Court costs and Insured Plaintiffs' and Insured
     Class members' reasonable attorney fees.

## COUNT V - HEALTH CARE PROVIDERS FOR BILLING DAMAGES

77. Plaintiffs hereby incorporate all previous paragraphs by
reference as if fully set at length forth herein.

78. Health Care Provider Plaintiffs and other Health Care
Provider Class members are medical care providers who contracted
to render medical services to Defendant's Pennsylvania insureds
who were injured in Pennsylvania motor vehicle accidents.

79. Health Care Provider Plaintiffs and other Health Care
Provider Class members rendered medical services to Defendant's
Pennsylvania insureds who were injured in Pennsylvania motor
vehicle accidents.

80. Health Care Provider Plaintiffs and other Health Care
Provider Class members, submitted to Defendant claims for their
fees for the medical and rehabilitative services Health Care
Provider Plaintiffs and other Health Care Provider Class members

rendered to Defendant's Pennsylvania insureds who were injured in Pennsylvania motor vehicle accidents.

81. Defendant failed to comply with its obligations to make timely and full benefit payments by systematically paying the subject claims submitted by or on behalf of Insured Plaintiffs and members of the Insured Class by unlawfully applying improper and inapplicable auto medical fee schedules in order to reduce the amount that Defendant had to pay in medical billing.

82. Defendant knew or had reason to know that the fee schedule it was utilizing to determine benefit payments was inapplicable and in so doing acted unreasonably and wantonly towards Insured Plaintiffs and Insured members of the classes, entitling them to statutory treble damages, assessment of interest and counsel fees.

83. That Health Care Provider Plaintiffs and other Class members who rendered medical care to the Pennsylvania insureds suffered damages of improperly reduced payments as a result.

WHEREFORE, Health Care Provider Plaintiffs on behalf of themselves and others similarly situated, demand judgment in their favor and against Defendant for any and all damages, including, but not limited to:

>   a.   An amount which represents the sum of all medical payments which the Defendant improperly refused to provide to the Insured Plaintiffs and each member of the Insured Plaintiff class;

b.    Interest on the amount of the submitted claims not timely paid;

c.    Costs and attorneys fees;

d.    Declaratory relief determining Insured Plaintiffs' and Insured Class members' current and future rights to prompt payments for amounts properly billed by their health care providers relating to covered motor vehicle accidents and prohibiting Defendant from applying inapplicable fee schedules when determining and paying Insured Class members claims submitted by them or by members of the Health Care Provider Class;

e.    Such further relief as allowed by the Court.

## COUNT VI - HEALTH CARE PROVIDERS FOR UNJUST ENRICHMENT

84. Plaintiffs hereby incorporate all previous paragraphs by reference as if fully set at length forth herein.

85. Defendant failed to comply with its obligations to make timely and full payments to Health Care Provider Plaintiffs and other similarly situated Health Care Provider class members by systematically paying the subject claims submitted by or on behalf of Insured Plaintiff and members of the Insured Class by unlawfully applying improper and inapplicable fee schedules in order to reduce the amount that Defendant had to pay for the medical services accorded by Health Care Provider Plaintiff and other similarly situated Health Care Provider class members.

86. That as a result of the above, the defendant received a benefit from Insured Class members and from Health Care Provider Class members in the form of wrongful retention of benefits and payments that Defendant was legally required to use to pay for

the services rendered by the Health Care Provider Plaintiffs and other members of the Health Care Provider Class.

87. That the retention of that benefit without full and proper payment to Health Care Provider Plaintiffs and other Class members would be unjust.

88. That Health Care Provider Plaintiffs and other Health Care Provider Class members who rendered medical care to the Pennsylvania insureds suffered damages of improperly reduced payments as a result.

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated, demand judgment in their favor and against Defendant for any and all damages, including, but not limited to:

a. An amount which represents the sum of all medical bills which the Defendant improperly refused to provide to the Health Care Provider Plaintiffs and each member of the class;

b. Interest on the amount of the submitted claims not timely paid;

c. Costs and attorneys fees;

d. Declaratory relief determining Insured Plaintiffs' and Insured Class members' current and future rights to prompt payments for amounts properly billed by their health care providers relating to covered motor vehicle accidents and prohibiting Defendant from applying inapplicable fee schedules when determining and paying Insured Class members claims submitted by them or by members of the Health Care Provider Class;

e. Such further relief as allowed by the Court.

By:             /s/
      **Law Offices of Charles Kannebecker**
      NJ Atty #: 011711992
      104 West High Street
      Milford, PA 18337
      (570) 296-6471


BY:             /s/
      **Cohen, Placitella & Roth, P.C.**
      Christopher M. Placitella, Esq.
      NJ Atty #: 027781981
      Michael Coren, Esq.
      NJ Atty #: 024871979
      127 Maple Avenue
      Red Bank, NJ 07701
      (732) 747-9003

**JURY DEMAND**

PLEASE TAKE NOTICE that the plaintiff hereby demands a trial by jury on all issues so triable.


Dated: March 21, 2019          /s/
                               CHARLES KANNEBECKER, ESQ.
                               ATTORNEY FOR PLAINTIFF