UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANINE BANKS, individually and as class representative on behalf of others similarly situated, | Civil Action No. 18-17117 (SRC) |
| and | OPINION |
| SPINE SURGERY ASSOCIATES, et al., individually and as class representatives on behalf of others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, et al., | |
| Defendants. | |

**CHESLER**, District Judge

Defendants Allstate Fire and Casualty Insurance Company and Allstate Insurance Company (collectively "Defendants" or "Allstate") have filed the instant motion to dismiss the Second Amended Complaint (hereinafter, "Complaint") on two grounds: failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). As an alternative to dismissal, Defendants ask that the Court transfer venue to the Middle District of Pennsylvania. Plaintiffs, Janine Banks, Spine Surgery Associates and Ambulatory Surgical Center of Somerset, have opposed the motion. The Court

has considered the papers filed by the parties. It proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will transfer this action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

I. BACKGROUND

Plaintiff Janine Banks is a Pennsylvania resident. Banks sustained injuries in a motor vehicle accident which occurred in the Commonwealth of Pennsylvania. Although the Complaint does not specify the date of the accident, it alleges that Banks was at the relevant time insured by Allstate under a motor vehicle insurance policy providing "Personal Injury Protection" ("PIP") benefits for medical treatment of accident-related injuries. According to Defendants' submission, Banks maintained an insurance policy with Allstate Fire covering two motor vehicles for the policy period September 6, 2011 to March 6, 2012. The Court will hereinafter refer to the relevant insurance policy as the "Policy," a copy of which is attached to the July 10, 2019 Declaration of Melissa Brill as Exhibit 2. Banks alleges that following her motor vehicle accident, she obtained treatment for her injuries at two health care providers, Spine Surgery Associates and Ambulatory Surgical Center of Somerset (collectively the "Provider Plaintiffs"). The Provider Plaintiffs are both located in the State of New Jersey.

The crux of this putative class action is that Allstate underpaid PIP benefits under the Policy by applying New Jersey's auto medical fee schedules. The Complaint alleges that Allstate improperly used the schedule to determine benefits and/or pay providers because Provider Plaintiffs were not subject to those fee schedules. As a result, the Complaint avers, Allstate deprived Banks of the full benefit she is owed under the Policy and paid Provider Plaintiffs an

unlawfully reduced amount. Banks purports to represent a class of Pennsylvania insureds who maintained motor vehicle insurance policies with Allstate, were injured in automobile accidents in Pennsylvania, sought treatment outside of Pennsylvania and were allegedly deprived of PIP benefits under their Allstate policies. Provider Plaintiffs purport to represent a class of health care providers that provided care to the aforementioned class of Allstate insureds and were allegedly underpaid by Allstate due to the improper application of a fee schedule.

Banks and the Provider Plaintiffs filed this lawsuit in the Superior Court of New Jersey on November 6, 2018. Defendants removed the action to the United States District Court for the District of New Jersey on December 12, 2018, asserting that the Court has diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Complaint asserts the following state law claims: breach of contract, breach of the covenant of good faith and fair dealing, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, violation of Pennsylvania's Insurance Bad Faith Act, claims by the Provider Plaintiffs for payment of medical billing, and unjust enrichment.

## II. DISCUSSION

Allstate argues that this action must be dismissed based on the Complaint's failure to state legally sufficient claims and based on the filing of the action in an improper venue. The Court addresses Allstate's venue argument, as this basis for the motion pertains to whether this Court is the correct forum for Plaintiffs' action.

Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal of an action for improper venue. Allstate contends that the District of New Jersey is not the proper venue for this action

because the Policy contains a forum selection clause, which expressly requires that "any and all lawsuits in any way related to this policy shall be brought, heard, and decided only in a state or federal court located in Pennsylvania." (Brill Decl., Ex. 2.) The forum selection clause, Defendants argue, renders the District of New Jersey an improper venue for this action. As such, they maintain that the action must be dismissed under Rule 12(b)(3).

The problem with Defendants' argument is that it was squarely repudiated by the Supreme Court in Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas. See 571 U.S. 49 (2013). In that case, the plaintiff had filed suit in Texas federal court even though its contract with the defendant designated Virginia as the parties' chosen forum. Id. at 52-53. The Atlantic Marine Court rejected the defendant's effort to dismiss the action for improper venue based on the parties' contractual selection of another forum. Id. at 55. The Court reasoned that the question of venue is solely governed by federal venue laws, generally 28 U.S.C. § 1391, "and those provisions say nothing about a forum-selection clause." Id. The Supreme Court held that a forum selection clause therefore has no bearing at all on whether venue is proper. Id. at 55-56. Simply put, under Atlantic Marine, a forum selection clause does not provide grounds for dismissal of an action under either Rule 12(b)(3), for "improper" venue, or 28 U.S.C. § 1406, which allows a federal court to dismiss when a case has been filed in the "wrong" venue. Id. at 55-56.

While it concluded that a forum selection clause cannot be enforced in a Rule 12(b)(3) motion to dismiss, the Atlantic Marine Court further held that "the clause may be enforced through a motion to transfer under § 1404(a)." Id. at 59. This holding is significant in the instant litigation because, as an alternative to dismissal of the action, Allstate requests that this Court

4

transfer the action to the Middle District of Pennsylvania. For the reasons that follow, the Court concludes that transfer of this action is warranted.

Initially, the Court observes that 28 U.S.C. § 1404(a) indeed provides the applicable standard. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Transfer of this action falls within section 1404(a) because both the original venue in New Jersey and the requested venue in Pennsylvania are proper pursuant to 28 U.S.C. § 1391(b)(2). Under section 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The claims pled in the Complaint arise primarily from the motor vehicle accident in which Banks was injured, which occurred in Pennsylvania, as well as from the Policy, which was issued to Banks in Milford, Pennsylvania.[1] Even so, a substantial part of the claims for the alleged underpayment of benefits relate to medical treatment rendered to Banks for her injuries, and that treatment was provided in New Jersey.

Because Allstate's request for a transfer of venue is premised on the Policy's forum selection clause, the Court once again looks to the Supreme Court's decision in Atlantic Marine for direction. The Court held as follows: "When the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties

---

[1] Allstate notes that its requested transferee district, the Middle District of Pennsylvania, encompasses the geographic area where Milford is located.

should a § 1404(a) motion be denied." Atl. Marine, 571 U.S. at 62. A transfer analysis under section 1404(a) typically calls for a weighing of private and public factors that will inform the question of whether the transfer would serve the parties' convenience and promote the interest of justice. Id. at 62-63. However, the Atlantic Marine Court held that the traditional analysis does not apply where the parties have agreed to the most proper forum. Id. at 63. In particular, a court may not consider arguments about the parties' private interests and may afford no weight to the plaintiff's choice of forum.[2] Id. at 63-64.

The governing rule under Atlantic Marine is as follows: When deciding whether to transfer an action involving a forum selection clause, a court must give that clause "controlling weight in all but the most exceptional cases." Id. at 63 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)). Public interest factors may be considered by a court deciding whether to transfer venue under section 1404(a), but "those factors will rarely defeat a transfer motion." Id. at 64. Importantly, for purposes of this Court's evaluation of the instant motion to transfer, the Supreme Court held that the burden is on a plaintiff to demonstrate why the Court should not enforce the forum selection clause and transfer the case to the forum to which the parties agreed. Id.

Plaintiffs have not met that burden in this case. The Court notes that Plaintiffs do not challenge the validity of the forum selection cause. They do not contest that Banks purchased and had coverage under the Policy, nor do they contest that she agreed to the policy's terms, including the forum selection clause. Indeed, it is well-established that "a forum selection clause

---

[2] Additionally, the Court held that, unlike a traditional § 1404(a) transfer, a venue transfer predicated on a forum selection clause "will not carry with it the original venue's choice-of-law rules." Atl. Marine, 571 U.S. at 64.

is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11 (1972)); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (finding that a forum selection clause printed on a ticket was enforceable notwithstanding the fact that it was a standardized, non-negotiable term). Plaintiffs do not raise any of these grounds for finding the subject forum selection clause unenforceable.

Instead, Plaintiffs argue that this action should not be transferred to the Middle District of Pennsylvania for two reasons: (1) Banks received covered medical treatment in New Jersey and thus may, under the Policy, sue in the district where this "other covered occurrence happened;" (Brill Decl., Ex. 2) and (2) Provider Plaintiffs are not parties to the Policy and thus are not bound its forum selection clause. Neither argument has any merit.

First, the policy allows for lawsuits to be filed in a forum outside Pennsylvania only in the following circumstance:

> If a covered loss to the auto, a covered auto accident, or any other occurrence for which coverage applies under this policy happens outside Pennsylvania, lawsuits regarding that covered loss to the auto, covered auto accident, or other covered occurrence may also be brought in the judicial district where that covered loss to the auto, covered auto accident, or other covered occurrence happened.

(Brill Decl., Ex.2.) This provision does not apply to the instant lawsuit. Banks may have sought treatment from New Jersey providers for her injuries and thus incurred medical expenses in New

7

Jersey, but it remains that the "covered occurrence" under the Policy is Banks' motor vehicle accident and her resulting injuries, both of which occurred in Pennsylvania. In other words, the treatment and/or medical expenses are not an "other occurrence for which coverage applies."

Second, the Provider Plaintiffs' entitlement to relief from Allstate exists, if at all, solely by virtue of the Policy. The Provider Plaintiffs claim they were underpaid by Allstate for treatment rendered to Banks for injuries she sustained in a covered auto accident. Their claims against Allstate derive solely from the Policy, by assignment from Banks, and as such Provider Plaintiffs are bound by the Policy's rights and obligations to the same extent as Banks, the assignor. North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U.S. 596, 620 (1894) (holding that an assignee "occupies the same position as his assignor, and is subject to the same equity"); CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 178 (3d Cir. 2014) (holding that an assignee has no more and no fewer rights under a contract as the original contracting party); Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 60 (3d Cir. 2001) (holding that "assignment of a contract will result in the assignee stepping into the shoes of the assignor with regard to the rights that the assignor held and not in an expansion of those rights to include those held by the assignee."). Moreover, Provider Plaintiffs assert that "none of their claims have any relation to or connection with any events arising within the Middle District of Pennsylvania." (Opp'n Br. at 40.) This statement is patently wrong, for the reasons discussed above. Provider Plaintiffs are bound by the Policy's forum selection clause, and their claims fall within the clause's broad purview encompassing "any and all lawsuits in any way related to this policy." (Brill Decl. Ex. 2.)

In short, pursuant to 28 U.S.C. § 1404(a) and <u>Atlantic Marine</u>, this Court finds that the forum selection clause requires transfer of this action to the Middle District of Pennsylvania.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion insofar as it seeks a transfer of venue. Pursuant to 28 U.S.C. § 1404(a), this action will be transferred to the Middle District of Pennsylvania. An appropriate Order will be filed.

                                                                  s/ Stanley R. Chesler
                                                     STANLEY R. CHESLER
                                             United States District Judge

Dated: September 18, 2019