IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANINE BANKS, *et al.*, : | Civil No. 3:19-CV-01617 |
| Plaintiffs, : | |
| v.           : | |
| ALLSTATE FIRE AND CASUALTY : INSURANCE COMPANY, : | |
| Defendant. : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a putative class action regarding the payment of personal injury benefits under Pennsylvania car insurance policies. Plaintiffs—an insured individual from Pennsylvania and two New Jersey medical providers—allege that Defendant, an insurance company, wrongfully applied a New Jersey fee schedule to claims made under Pennsylvania insurance policies so as to underpay the claims. The case is presently before the court on Defendant's partial motion to dismiss the Plaintiffs' third amended complaint. For the reasons that follow, the motion is granted.

### BACKGROUND AND PROCEDURAL HISTORY

This case was originally filed via a complaint in New Jersey state court on November 12, 2018 against Defendants Allstate Fire and Casualty Insurance Company and Allstate Insurance Company. (Doc. 1-1.) On December 12, 2018, Defendants removed the case to the United States District Court for the District of

1

New Jersey.  (Doc. 1.)  Defendants moved to dismiss the complaint on February 28, 2019, after which Plaintiffs filed an amended complaint.  (Docs. 6, 9.)  Defendants again moved to dismiss on April 4, 2019, and the court granted the motion on May 14, 2019, dismissing the amended complaint without prejudice and allowing Plaintiffs to file a second amended complaint within 30 days.  (Docs. 15, 29.)

Plaintiffs filed a second amended complaint on June 13, 2019.  (Doc. 30.)  The second amended complaint raised counts for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), violation of Pennsylvania's Insurance Bad Faith Act, payment of medical billing, and unjust enrichment.  (*Id.* ¶¶ 57–143.)

Defendants filed a motion to dismiss the second amended complaint on July 10, 2019, arguing that the court should dismiss the second amended complaint for failure to state a claim upon which relief may be granted and for improper venue, or, in the alternative, transfer the case to the Middle District of Pennsylvania.  (Doc. 32.)  The court granted the motion in part on September 18, 2019, transferring the case to this district and deferring consideration of the motion to dismiss for failure to state a claim to the transferee court.  (Docs. 44–45.)  The motion to dismiss and all associated briefs were accordingly refiled in this district

following the transfer from the District of New Jersey. (*See* Docs. 47–50.) Upon being transferred, the case was initially assigned to United States District Judge Robert D. Mariani. The case was then reassigned to the undersigned pursuant to a verbal order on November 15, 2019.

The court granted the motion to dismiss in part and denied it in part on April 13, 2020. (Docs. 66–67.) Specifically, the court denied the motion to dismiss with respect to Plaintiffs' claim under the UTPCPL; dismissed with prejudice the claim for breach of the implied covenant of good faith and fair dealing and the bad faith claim; and dismissed without prejudice the breach of contract, unjust enrichment, and payment of medical billing claims. (Doc. 67.) The court additionally dismissed all claims against Defendant Allstate Insurance Company, allowing the case to move forward only as to Plaintiffs' claims against Defendant Allstate Fire and Casualty Insurance Company. (*Id.*) The court accordingly granted Plaintiffs leave to file an amended complaint with respect to their claims against that defendant. (*Id.*)[1]

In accordance with the court's order, Plaintiffs filed a third amended complaint against Defendant on April 24, 2020. (Doc. 70.) According to the

---

[1] Because Defendant Allstate Fire and Casualty Insurance Company is the only defendant remaining in the case, the court will refer to that party as "Defendant" throughout the remainder of this opinion.

allegations in the amended complaint, Plaintiff Janine Banks ("Banks") is a resident of Pennsylvania who maintained a car insurance policy with Defendant in Pennsylvania. (*Id.* ¶¶ 9–19.) Banks was involved in a car accident while she was covered by the policy and suffered physical injuries. (Doc. 70 ¶ 20.) Following the accident, she received treatment for her injuries from Plaintiff Spine Surgery Associates and Plaintiff Ambulatory Surgical Center of Somerset (collectively referred to as "Provider Plaintiffs"), both of which are New Jersey professional corporations. (*Id.* ¶¶ 10–11, 22.)

After receiving treatment from the Provider Plaintiffs, Plaintiff Banks filed a claim with Defendant for medical benefits under her insurance policy. (*Id.* ¶ 23.) Defendant applied a New Jersey fee schedule to Banks's claim, which reduced the amount of money Defendant had to pay for the claim. (*Id.* ¶¶ 5, 24.) As a result of Defendant applying the New Jersey fee schedule to Banks's claim, Banks was forced to pay $74,618.14 that she would not otherwise have had to pay, Spine Surgery Associates received $44,837.13 less than it would have otherwise received, and Ambulatory Surgical Center of Somerset received $29,781.01 less than it would have otherwise received. (*Id.* ¶¶ 33–35.)

Plaintiffs purport to represent two classes of similarly situated plaintiffs.[2] First, Plaintiffs assert that Plaintiff Banks represents a class of Pennsylvania residents ("the insured class") that (1) were insured under car insurance policies issued by Defendants in Pennsylvania, (2) were injured in car accidents in Pennsylvania, (3) received medical treatment for their injuries from medical providers outside of Pennsylvania who were not licensed to practice in Pennsylvania, and (4) had the payment of their claims reduced when the Defendants applied "auto medical payment fee schedules." (*Id.* ¶ 39.) Second, Plaintiffs assert that the Provider Plaintiffs represent a class of medical providers ("the health care provider class") that (1) treated at least one individual meeting the definition of the insured class, (2) were not licensed to practice in Pennsylvania, (3) filed a claim for benefits arising from the treatment of a member of the insured class, and (4) had the amount of the claim reduced by the Defendant's "application of an auto medical payment fee schedule." (*Id.*)

The third amended complaint raises causes of action for breach of contract, violation of the UTPCPL, payment of medical billing under Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), and unjust enrichment. (Doc. 70 ¶¶ 56–136.) The breach of contract and UTPCPL claims are brought on behalf

---

[2] Plaintiffs have not filed a motion for class certification under Federal Rule of Civil Procedure 23.

of the insured class, and the claims for medical billing and unjust enrichment are brought on behalf of the health care provider class.  (*Id.*)  The third amended complaint additionally raises a bad faith claim, but clarifies that the claim is repleaded "for preservation purposes only."  (Doc. 70 ¶ 137.)

Defendant filed a partial motion to dismiss the third amended complaint on May 15, 2020, seeking to dismiss the unjust enrichment and bad faith claims for failure to state a claim upon which relief may be granted.  (*See* Doc. 72.)  Briefing on the motion has concluded, and it is ripe for the court's disposition.  (*See* Docs. 72-2, 74, 76.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.[3]

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

---

[3] The court provided a more thorough discussion of its jurisdiction in its opinion resolving the prior motion to dismiss.  (*See* Doc. 66 at 7–8.)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. Plaintiffs' Unjust Enrichment Claim Is Dismissed with Prejudice

Defendant's first argument is that Plaintiffs' unjust enrichment claim should be dismissed for failure to state a claim upon which relief may be granted. (Doc. 72-2 at 10–12.) This court previously dismissed without prejudice the unjust enrichment claim raised in Plaintiffs' second amended complaint because Plaintiffs failed to allege that the Provider Plaintiffs had conferred any benefit upon the Defendants. (*See* Doc. 66 at 27–29.) Plaintiffs have since amended the claim in their third amended complaint, alleging that Defendant is liable for unjust enrichment because members of the health care provider class provided medical

7

care to members of the insured class and Defendant did not pay the members of the health care provider class a sufficient sum for those services.  (Doc. 70 ¶¶ 129–36.)

To state a claim for unjust enrichment under Pennsylvania law, a plaintiff must allege (1) that the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under circumstances in which it would be inequitable to do so without paying for the benefit.  *Karden Constr. Servs., Inc. v. D'Amico*, 219 A.3d 619, 628 (Pa. Super. Ct. 2019).  A plaintiff cannot recover for unjust enrichment where the parties' relationship is governed by a written contract.  *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 645 (Pa. Super. Ct. 2016) (citing *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.*, 933 A.2d 664, 669 (Pa. Super. Ct. Sept. 18, 2007)).

Defendant argues that the unjust enrichment claim in this case should be dismissed because the parties' relationship was entirely governed by a written contract and because the Plaintiffs fail to allege any of the four elements of an unjust enrichment claim.  (Doc. 72-2 at 10–11.)  Plaintiffs argue that Defendant's contractual argument fails because the only relevant contract is between Banks and the Defendant and does not involve the Provider Plaintiffs.  (Doc. 74 at 3.)  Plaintiffs additionally argue that they have pleaded all the requisite elements for an unjust enrichment claim.  (*Id.* at 4–7.)

The court agrees with Defendant that the third amended complaint fails to state an unjust enrichment claim upon which relief may be granted. As noted above, the unjust enrichment claim was dismissed from the second amended complaint because Plaintiffs failed to allege that the Provider Plaintiffs had conferred any benefit upon Defendant. The unjust enrichment claim in the third amended complaint suffers from the same defect. There is no allegation in the third amended complaint that the Provider Plaintiffs or any other members of the health care provider class conferred any benefit upon Defendant. Accordingly, the court will dismiss the unjust enrichment claim.

The court will also deny further leave to amend the unjust enrichment claim. Plaintiffs have had four opportunities to state an unjust enrichment claim upon which relief may be granted, and have failed in all four attempts. Any further leave to amend would be futile and is accordingly denied. *See Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 273 (M.D. Pa. 2020) (noting that district court should permit leave to amend unless it would be inequitable or futile to do so (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008))). Accordingly, Plaintiffs' unjust enrichment claim is dismissed with prejudice.

### B. Plaintiffs' Bad Faith Claim Remains Dismissed

Defendants' second argument is that Plaintiffs' bad faith claim should be dismissed because it was previously dismissed with prejudice. (Doc. 72-2 at 12–

13; *see also* Doc. 66 at 21–26.)  Plaintiffs acknowledge that the claim was previously dismissed with prejudice, and maintain that they only repleaded the claim to preserve their right to appeal.  (Doc. 74 at 7.)  Accordingly, because all parties acknowledge that the bad faith claim has already been dismissed with prejudice, there is no longer any live controversy for the court to resolve with regard to that claim and it remains dismissed for the reasons set forth in the court's previous opinion.  (*See* Doc. 66 at 21–26.)

## Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss (Doc. 72) is granted.  An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: October 26, 2020