UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Janine Banks, individually and as class representative on behalf of others similarly situated,<br><br>and<br><br>Spine Surgery Associates and Ambulatory Surgical Center of Somerset, individually and as class representatives on behalf of others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>Allstate Fire and Casualty Insurance Company,<br><br>        Defendant. | CIVIL ACTION<br><br>Civil No. 19-CV-01617-JPW<br><br>Hon. Jennifer P. Wilson, U.S.D.J. |

**FINAL APPROVAL ORDER**

This matter having been opened to the Court on the unopposed Motion for Final Approval of a proposed Class Action Settlement Agreement and Release dated February 15, 2023 ("**Settlement Agreement**")[1] and the ancillary Petition of Plaintiffs for (1) an award of attorney's fees and reimbursement of litigation

---

[1] All capitalized terms and phrases used in this Final Approval Order that are otherwise not defined shall have the same meaning as in the Settlement Agreement.

expenses for Class Counsel's work in this litigation; and (2) class representative service awards to the Class Representatives, plaintiffs Janine Banks, Spine Surgery Associates ("**SSA**"), and Ambulatory Surgical Center of Somerset ("**ASCS**") (together "Plaintiffs" or "Class Representatives") in view of the valuable contributions they made to the achievement of the Settlement. The Court, having considered the Motion and Petition and convened a Fairness Hearing to consider the Motion and Petition, does hereby make and enter the following findings, determinations and Order:

WHEREAS, the Plaintiffs acting through their counsel, Cohen, Placitella & Roth, P.C. and the Law Offices of Charles Kannebecker (collectively, "**Class Counsel**"), commenced this class action ("***Banks* Action**") to redress alleged harms and losses suffered by class members as a result of an Allstate Insurance claims adjustment policy and practice of applying automobile fee schedules to Personal Injury Protection medical benefits claims submitted by Health Care Providers rendering services to Allstate's insureds treated outside of Pennsylvania for injuries sustained in covered accidents occurring in Pennsylvania. Applying the fee schedule of the locale for the treatment or service rendered generally reduced the amount of payment the Allstate Defendants' claims adjusters allowed and paid on covered PIP claims. Plaintiffs challenged the statutory and contractual propriety

of this policy and practice. The Allstate Companies dispute the allegations but have since ceased the practice; and

WHEREAS, following extensive motion practice in which the existence of justiciable legal claims were established, the Parties began taking discovery. In response to Plaintiffs' discovery requests, the Allstate Defendants produced a substantial volume of documents to Class Counsel, which Class Counsel in turn reviewed and organized to begin taking depositions. As the parties worked on scheduling deposition, counsel to the Parties began discussions about the potential for settlement and believing there was a path forward, with the Court's leave, suspended their pretrial activities to devote their efforts to earnestly negotiating a settlement. Over numerous months, all the while making regular status reports to the Court to keep it informed of their progress, the Parties, with the assistance of consultants and the Allstate Defendants' in-house Information Management staff, were able to (1) identify the Settlement Class Members and the economic impact of the applying state of treatment fee schedules rule, and (2) thereafter negotiate terms that would, upon approval by this Court, completely settle the above-captioned lawsuit as to Settlement Classes to be certified by the Court for settlement purposes only and as to Allstate Corporation and its wholly owned subsidiary, the originally named defendant, Allstate Fire and Casualty Insurance Company ("**Defendant**" or "**Allstate F&C**"). The terms of the Settlement also

include and cover the following affiliated insurance companies who by amended complaint were, with leave of Court, joined for settlement purposes: Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Encompass Home and Auto Insurance Company, Encompass Insurance Company of America, Esurance Insurance Company, Esurance Property and Casualty Insurance Company (Defendant Allstate F&C together with the above affiliate insurance companies being collectively referred to as the "**Allstate Defendants**" or "**Allstate Companies**"); and

WHEREAS, the Settlement Agreement sets forth the terms and conditions for the Settlement and ultimate dismissal with prejudice of the *Banks* Action upon approval of the Settlement Agreement; and

WHEREAS, on March 20, 2023, this Court entered a Preliminary Approval Order (ECF 127), which (a) preliminarily approved the Settlement Agreement; (b) found that the Settlement Classes would likely be certified on final approval; (c) appointed Class Counsel and the Class Representatives; (d) appointed the Claims Administrator and Notice Agent; (e) preliminarily approved the plan of distribution; (e) authorized the issuance of notice to the Settlement Classes; and (f) established deadlines for claims submission, administration, opt-outs and objections.

WHEREAS, pursuant to the Preliminary Order, the parties through, Epiq Systems, Inc. ("Epiq"), which the Court, at the Parties' request, appointed to serve as the Settlement's Claims Administrator and Notice Agent, completely executed the Notice Plan that the Court approved to inform Class Members of the class action's pendency, the proposed Settlement and their rights under Rule 23 of the Federal Rules of Civil Procedure and the terms of the Settlement Agreement. As evidence of this the parties have submitted the Declaration of Cameron R. Azari, Esq. on the implementation and adequacy of Notice Plan and Notices.

WHEREAS, the Allstate Defendants, through the Notice Agent, have served the notices required under the Class Action Fairness Act on the appropriate state and federal government officials. *Id*.

WHEREAS, due and adequate notice has been given to the Settlement Class Members in satisfaction of the requirements of Rules 23(c)(2) and 23 (e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process; and

WHEREAS, on August 28, 2023, Class Counsel, in accordance with the Preliminary Approval Order, filed the Petition ("Petition") for an award of attorney's fees and reimbursement of litigation expenses of $700,000 and two class representative service two Class Representative service awards of $5,000, with Plaintiff Banks receiving one and Plaintiffs SSA and ASCS jointly receiving the

other for the invaluable contributions they made to the achievement of the Settlement, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Preliminary Approval Order, and the Class Action Settlement Agreement, and

WHEREAS, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d) has expired; and

WHEREAS, the Court conducted a hearing on September 18, 2023 ("Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice against Defendants; and (c) whether to approve Class Counsel's Petition for awards of attorneys fee and costs and Class Representative Service Awards; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments and objections received regarding the Settlement, and the record in the Action, and good case appearing;

**IT IS THEREFORE on this _____ day of _____, 2023 HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over this action and each of the Parties, including the Settlement Class Members under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act, and that venue is proper in this district.

### Certification of the Settlement Class

2. The Settlement Classes provisionally certified by the Court in the Preliminary Approval Order are hereby certified pursuant to Federal Rule of Civil Procedure 23.

3. The Court certifies two settlement classes, defined as follows:

**"Insured Class"** means, refers to, and includes all Pennsylvania residents insured or covered under a motor vehicle insurance policy issued by an Allstate Company within the Commonwealth of Pennsylvania (as well as their assignees if benefits due were assigned) who filed a claim or had a claim filed on his or her behalf for PIP benefits for injuries sustained in a motor vehicle accident occurring in Pennsylvania, and:

> (A) whose medical treatment was provided in whole or in part by or at a health care provider or facility located outside of Pennsylvania, and

> (B) whose PIP benefits for such medical treatment provided or performed outside of Pennsylvania were paid during the Class Period applicable to it by an Allstate Company according to an application of an

auto medical payment fee schedule that resulted in a reduction of the amount paid for the health care service.[2]

"**Health Care Provider Class**" means, refers to and includes all health care providers and facilities which in connection with providing health care services to an individual insured under a motor vehicle insurance policy issued by an Allstate Company within the Commonwealth of Pennsylvania who qualifies as an "Insured Class Member" that:

(A)     filed a claim with or submitted a bill to an Allstate Company relating to medical care, services or goods provided to an Insured Class Member for treatment for injuries sustained in a motor vehicle accident occurring within the Commonwealth; and

(B)     were paid PIP benefits for medical treatment relating to the Insured Class Member's claim or bill during the Class Period applicable to it according to the Allstate Company's application of an auto medical payment fee schedule that resulted in a payment on the claim or billing by an Allstate Company in an amount less than the amount submitted or billed.[3]

---

[2] Such person meeting all the foregoing elements being referred to as an "**Insured Class Member**".

[3] Such providers meeting all the foregoing elements being referred to as a "**Health Care Provider Class Member**".

The applicable **"Class Period"** referred to in the above definitions means: (a) with respect to Policies issued by the named defendants Allstate Insurance Company and Allstate F&C, one or more claims paid during the period between and including November 6, 2012 (the date six years prior to the commencement of the *Banks* action) through December 31, 2017 (the date by which the Allstate Companies stopped applying the State of Treatment Fee Schedule Rule to out of state treatment billing relating to Pa Auto Policies where the loss state was Pennsylvania); and (b) with respect to Policies issued by Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Encompass Home and Auto Insurance Company, Encompass Insurance Company of America, Esurance Insurance Company, Esurance Property and Casualty Insurance Company, one or more claims paid during the period between and including September 15, 2015 (the date six years prior to the agreement in principle to add these as defendants for purposes of this settlement) through December 31, 2017.

4.  The Court finds that certification of the Settlement Classes are warranted based on the terms of the Settlement under the prerequisites of ==Federal Rule of Civil Procedure 23(a)== because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the class; (3) the Plaintiffs' claims are typical of the claims of the

Settlement Class Members; and (4) the Representative Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Classes. The Court further finds that the requirements of Federal Rule of Civil Procedure 23(b) have been satisfied as the common questions of law and fact predominate over questions affecting only individual members and the class action is superior to other available methods for the fair and efficient adjudication of this Action.

### Appointment of Class Representatives and Class Counsel

5. The Court finds that Charles T. Kannebecker, Derek B. Smith, Christopher M. Placitella, Michael Coren, and Eric S. Pasternack, as well as the Law Offices of Charles Kannebecker and Cohen Placitella & Roth, P.C., have, can, and will fairly and adequately represent the interests of Plaintiffs and the Classes and therefore hereby confirms their appointment as Class Counsel to represent the Classes pursuant to Fed. R. Civ. P. 23(g).

6. The Court hereby confirms the appointment of Plaintiffs Janine Banks as the representative of the Insured Class, and Spine Surgery Associates and the Ambulatory Surgical Center of Somerset as the representatives of the Health Care Provider Class.

### Notice

7. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

8.  The Court finds that the dissemination of Notice: (a) was implemented by the Notice Agent in accordance with the Notice Plan as approved by the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the releases to be provided thereunder); (iii) Class Counsel's Petition for an award of attorney's fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement, the plan of distribution, and/or Class Counsel's Petition for an award of attorney's fees, the reimbursement of expenses, and class representative service awards; (v) the right to opt out of the Settlement Classes; (vi) the right to appear at the Fairness Hearing; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

### Final Approval of the Settlement Agreement

9.  The Court finds that: (a) the Settlement was entered into by the Representative Plaintiffs and the Allstate Defendants in good faith following extensive investigation and substantial discovery sufficient for experienced plaintiffs' counsel to evaluate the matter; (b) the Settlement Agreement is fair,

reasonable, and adequate; and (c) the Agreement resulted from vigorous arm's-length negotiations, which were undertaken by counsel with significant experience litigating complex class actions.

10.   The plan of distribution is adequate, including the method of processing the claims of Settlement Class Members and resolving any disputes relating thereto.

11.   The plan of distribution treats Settlement Class Members equitably relative to each other when considering the differences in their claims.

12.   Final approval of the Settlement Agreement is hereby GRANTED pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, reasonable, and adequate to the members of the Settlement Class. In reaching this conclusion, the Court considered the factors set forth in *Girsh v. Jepson*, 521 F.2ed 153 (3d Cir. 1975); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998); and *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013).

13.   The Court further grants final approval of the plan of distribution, which was preliminarily approved by the Court on March 20, 2023. The plan of distribution was developed and recommended by experienced class counsel, with consulting support and advice from medical billing experts. The plan of distribution represents an efficient and equitable means of distribution the

Settlement Fund to the members of the Settlement Classes in a timely fashion, without overly burdening claimants, and treats members of the Settlement Classes equitably relative to each other. The remedy and compensation being provided under the Settlement fits and addresses the nature of the claims asserted on behalf of the Settlement Classes and the alleged degree of injury and harm sustained. The Settlement's terms also enjoin future resumption of the challenged state of treatment fee rule unless and until either the Allstate Companies' policy forms or the law change, as further specified and detailed in the Settlement Agreement.

14. The Claims Administrator shall administer all claims pursuant to the terms and conditions of the Settlement Agreement and the Preliminary and Final Approval Orders. The Allstate Companies shall comply with the terms of the Settlement.

15. No Settlement Class Member shall have any claims against the Representative Plaintiffs, Class Counsel, the Allstate Defendants, Defendants' Counsel, or the Claims Administrator regarding claims administration and the distributions made substantially in accordance with the Settlement Agreement and approved by this Final Approval Order.

16. The Settlement Fund is approved, to the extent permitted by law, as a qualified settlement fund pursuant to applicable United States Treasury Regulations.

## Releases

17.  Except as to any claim of those Opt-Outs who have validly and timely requested exclusion from the Settlement Class, of which there are none, the Action and all claims contained therein, as well as all of the Released Claims against any of the Released Parties by the Releasing Parties are hereby dismissed with prejudice pursuant to the terms and conditions of Paragraph 5.1 of the Settlement Agreement.

**Attorney's Fees, Reimbursable Expenses, and Class Representative Award**

18.  The Court awards $700,000 in attorney's fees and litigation expenses to Class Counsel.

19.  The Court awards two Class Representative service awards of $5,000, with Plaintiff Banks receiving one and Plaintiffs SSA and ASCS jointly receiving the other.

20.  All attorney's fees, and reimbursement of costs and litigation expenses, and class representative service awards shall be paid by the Allstate Defendants, pursuant to Section 2.6 of the Class Action Settlement Agreement. Class Counsel shall allocate the fee and cost award among themselves as they shall agree upon.

21.  The Court retains jurisdiction solely to implement and enforce the provision of this Order.

BY THE COURT

_____
Hon. Jennifer P. Wilson, U.S.D.J.

Dated: October 23, 2023